UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bradley Lee Winters					Case No. 4:14 CV 2270

       Petitioner,				JUDGE JAMES G. CARR

  v.

							<u>OPINION AND ORDER</u>

R. Hanson,

       Respondent.

*Pro se* Petitioner Bradley Lee Winters filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner, who is currently incarcerated at FCI Elkton, contends he is entitled to be transferred to a prison closer to his release destination in Iowa pursuant to Bureau of Prisons ("BOP") Program Statement ("P.S.") 5100.08 and the Due Process Clause of the United States Constitution. He asks this Court to order his transfer to FMC Rochester or FCI Sandstone.

**I. Background**

Petitioner was convicted in 2009 in the United States District Court for the Southern District of Iowa of conspiracy to distribute a controlled substance (methamphetamine) and possession with intent to sell, distribute or dispense methamphetamine. He claims he was a resident of Mason City, Iowa at the time of his conviction and he intends to return there after his release. He states he was first designated to FCI Victorville in Adelanto, California when he entered the prison system. After maintaining clear conduct, he was transferred to FCI Oxford in Wisconsin. After being incarcerated

at FCI Oxford for a short period of time, his custody level was lowered from medium to low. He claims he requested transfer closer to his release designation pursuant to BOP P.S. 5100.08 and indicated FMC Rochester would be closest to his home. Instead, he was transferred to FCI Elkton, in Lisbon, Ohio. Petitioner contends that P.S. 5100.08 suggests inmates should be housed within 500 miles of their projected release designations if possible considering security and inmate population control considerations. He indicates FCI Elkton is 660 miles from Iowa. He filed administrative remedies and was told he would have to maintain a clean conduct record for eighteen months before he can request another transfer. He believes there is space available at FMC Rochester and FCI Sandstone which are both closer to his family. Petitioner asserts he has a right under the Due Process Clause and P.S. 5100.08 to a transfer to one of these facilities. He asks that this Court order his transfer.     **II.  Standard of Review**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on

their face under Section 2243).

### III. Analysis

As an initial matter, Petitioner does not have a constitutional right to be transferred closer to his release destination. It is well settled that a prisoner has no constitutional right to be incarcerated in a particular prison or to be held under a specific security classification. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Cash v. Reno*, No. 97-5220, 1997 WL 809982 (6th Cir. Dec. 23, 1997). While the government may, under certain circumstances, create liberty interests protected by the Due Process Clause, the interests are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483 (1995). Although *Sandin* did not deal specifically with non-disciplinary transfers, its rationale applies to any change in a prisoner's security classification or in his place of incarceration. *Cash*, 1997 WL 809982, at *2. With the discretion provided and delegated by the Attorney General, under 18 U.S.C. § 321(b), the BOP may direct a prisoner's confinement in any available facility and freely transfer a prisoner from one facility to another. Being housed in a prison miles from his home does not constitute an "atypical and significant hardship" on the Petitioner in relation to the ordinary incidents of prison life. *See Franklin v. District of Columbia*, 163 F.3d 625, 634-35 (D.C. Cir.1998) (concluding that housing and transfers are issues which occur within the "day-to-day management of prisons" and are therefore not atypical in relation to ordinary prison life); *Ortega v. Maynard*, No. Civ.A. 06-CV-084-HRW, 2006 WL 1877016, at *2 -3 (E.D.Ky. July 6, 2006)(being housed in a prison more than 500 miles from release destination or family was not an atypical and significant hardship in relation to ordinary incidents of prison life). Nothing in the Petition indicates that

Petitioner's confinement at FCI Elkton is atypical or resulted in a significant hardship.

Furthermore, while the BOP may not have followed its program statement, a violation of that program statement or BOP regulations or policy does not implicate the Constitution. *See Olim*, 461 U.S. at 245 (transfers and prison assignments are functions wholly within the discretion of the BOP); *Reyes v. Holland*, No. 0:11–CV–00090–HRW, 2012 WL 639469, at *3-4 (E.D. Ky. Feb. 27, 2012)(failure to follow a BOP policy is not a constitutional violation); *Ortega v. Maynard*, 06–CV–084–HRW, 2006 WL 1877016, at *2) (E.D. Ky. July 06, 2006); *Antonelli v. Sanders*, No. 2:06CV00052SWW, 2006 WL 667964, at *3 (E.D. Ark. March 15, 2006). Section 2241 allows federal courts to issue writs of habeas corpus to prisoners being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Petitioner has not demonstrated that the BOP violated his constitutional rights by refusing to transfer him to FMC Rochester or FCI Sandstone.

### IV.  Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   s/ James G. Carr  
JAMES G. CARR  
UNITED STATES DISTRICT JUDGE